State *v.* Thomas.

## STATE *v.* D. D. THOMAS.

CRIMINAL LAW. *Forfeiture against witnesses.* Forfeiture may be taken against a witness regularly subpœnaed although it does not affirmatively appear that the default of the witness was willful.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

ATTORNEY-GENERAL LEA for the State.

———————— for Thomas.

DEADERICK, C. J., delivered the opinion of the court.

Defendant was a material witness duly summoned by the sheriff of Shelby county on behalf of the State to give evidence in a cause pending in the criminal court of said county, of *State* v. *John Robinson,* for larceny. The trial of the cause was set for the 29th day of September, and on that day the defendant was, by due service of subpœna upon him on the 28th of September, required to attend and testify. He was marked prosecutor as well as witness upon the indictment, and was in the city of Memphis when the cause was called for trial, but then and there failed to answer, and made default, and failed to appear according to the command of

8—VOL. 11.

the subpœna.    Thereupon the Attorney-General moved the court for a forfeiture on the subpœna against said D. D. Thomas, which motion the court overruled, on the ground that before any forfeiture on subpœna would be allowed, the Attorney-General would be required to show to the court affirmatively that the default of said witness was willful.

To this ruling the Attorney-General excepted, and prayed an appeal to this court.

Section 5386 of the Code provides that the same proceedings may be had against defaulting witnesses in criminal causes as are prescribed in civil cases, citing sec. 3821 of the Code.

The attendance of a witness is procured by the service of subpœna or summons, and he is bound to appear at the time and place named, and continue to attend from day to day, unless discharged by the court or the party summoning him: Code, secs 3814, 3820. "And in default thereof (of appearance) he forfeits to the party at whose instance the subpœna issues the sum of $125, to be recovered by *scire facias,*" etc.: Code, sec. 3821. And the next section (3823, provides: "Upon the return of the *scire facias* issued for the penalty, the witness may be relieved by showing sufficient cause for failing to attend, otherwise judgment, on motion, will be given against him and execution issue accordingly." Section 3824 of the Code further provides that the attendance of witnesses in criminal cases shall be enforced in the same way and subject to the same rules as in civil cases, except that the penalty for failing to

State *v.* Thomas.

attend in criminal cases is $250, instead of $125 in civil cases.

We have not been referred to any other statutes bearing upon the question, and have been unable to find any which modify the conclusions drawn from those cited.

It is obvious that a witness who has been regularly summoned to appear at a specified time and place and give evidence, is under legal obligation to appear as commanded. And if he fails to so appear, *prima facie* he is in default. In the language of the Code, "he forfeits to the party," etc., to be recovered by *scire facias.* But he has the right to plead to the *scire facias* any legal excuse for such failure, and thus relieve himself from the forfeiture.

It is the failure to obey the summons that gives the right to the forfeiture to be prosecuted by *scire facias,* and the privilege of pleading his excuse to the *scire facias* is conferred on the witness for his protection against its enforcement in case he has a sufficient cause for failing to attend. His failure to attend as commanded is the default which entitles the party summoning him to a conditional recovery of the penalty, which the witness may defeat upon showing in plea and proof to the *scire facias* that he had a sufficient legal excuse for such failure.

The burden of the proof to exonerate himself is upon the witness when he fails to obey the process of the court. And the law does not require the State or party to make out a case of willful diso-

Railroad v. Mason.

bedience before taking the forfeiture given by the statute simply for failing to attend.

The judgment of the criminal court judge was erroneous and will be reversed.